KEENAN *v.* WILSON ET AL.

*Executors and administrators—Sale of real estate to pay debts —Parties—Section 10780, General Code—Holders of liens against decedent and heirs.*

Under Section 10780, General Code, all who may have a lien upon all or any part of the real estate sought to be sold by an administrator to pay debts are necessary parties to the action—whether the liens existed upon the real estate at the time of the death of the decedent or are acquired upon the share of an heir at law therein, after the death of the ancestor from whom the estate came, and before the petition is filed by the administrator.

(Decided April 29, 1925.)

APPEAL: Court of Appeals for Summit county.

*Mr. Donald Gottwald,* for plaintiff.
*Messrs. Meade & Chapman* and *Mr. F. A. Rees,* for defendants.

PARDEE, P. J.   On June 22, 1922, the plaintiff recovered a judgment in the Court of Common Pleas of Summit county in the sum of $1,192 against Lillian Laughlin, one of the defendants

_____
Executors and Administrators, 24 C. J. § 1493 (Anno.)

herein. On January 7, 1923, Lillian Wilson, a widow, the mother of said Lillian Laughlin, died intestate, seized of the real estate described in the petition, and leaving the said Lillian Laughlin, Winnie Romine and Romeo G. Wilson, her children, her sole and only heirs at law.

On the 18th day of January, 1923, plaintiff caused an execution on the aforementioned judgment to be issued to the sheriff of Summit county, whereupon the sheriff levied upon the undivided one-third interest of said Lillian Laughlin in the real estate described in the petition on the 20th day of January, 1923.

On the 1st day of February, 1923, one Jennings W. Hoff was duly appointed and qualified as the administrator of the estate of Elizabeth J. Wilson, and on the 24th day of May, 1923, filed a petition in the Probate Court of the county against the said Romeo G. Wilson, Winnie Romine and Lillian J. Laughlin, and one Charles Esselburn, who had a first mortgage upon the property, given by decedent. In his petition the administrator alleged the insufficiency of the personal property of the estate to pay the debts and claims against the same, and prayed for an order of court authorizing him to sell the real estate for the purpose of paying said debts and claims. On the 24th day of May, 1923, the Probate Court found the allegations of the petition to be true and ordered the real estate sold, as prayed for, all of the defendants in said proceeding consenting thereto.

On the 25th day of May, 1923, the administrator made a report to the court of the sale of the property to Romeo C. Wilson and Winnie Romine, for the sum of $6,000, which sale was confirmed, and

deed ordered, and the deed of the administrator was executed and delivered to the purchasers in conformity with said order.

After the payment of the valid debts and claims against the estate, there remained in the hands of the administrator approximately $3,000, one-third of which was turned over to Lillian Laughlin as her share. The plaintiff, Wm. Keenan, was not made a defendant in the proceedings in the Probate Court.

The plaintiff filed his action in the Court of Common Pleas asking for the establishment of his lien upon the undivided one-third of the real estate which descended to Lillian Laughlin, that the claims and interests of the defendants be fixed and determined, and that the property be sold to satisfy the same. The defendant Charles Esselburn filed a separate answer, he holding a new mortgage given by the purchasers, and James E. Romine and Winifred E. Romine filed a joint answer. The other defendants were in default for answer or demurrer.

Upon the hearing of the case in the Common Pleas Court, upon an agreed statement of facts of all the parties interested, that court found in favor of defendants and dismissed the petition of plaintiff, and the case is here on appeal upon the original pleadings and the agreed statement of facts, as hereinbefore set forth.

The defendants claim that in the action to sell the real estate to pay the debts of the decedent's estate, all persons as required by Section 10780, General Code, *infra,* were made defendants.

The defendants also claim that the parties required to be made defendants in such an action

are fixed as of the date of the death of the decedent, and that a party who acquires a lien upon an undivided interest of one of the heirs of the decedent, as was done in this case, is not a necessary party to the proceedings to sell such real estate, and that when the real estate is sold in such proceedings the same passes to the purchaser thereof free from the lien thus acquired.

The plaintiff claims that having filed a levy in due and regular form upon the interest of said Lillian Laughlin in said property after the death of her mother, and before the petition for the sale of the real estate was filed in the Probate Court, he thereby acquired an interest in the property, and that this interest could not be cut off in a proceeding in which he was not a party, and that his lien remains upon said one-third interest, unaffected by the sale made by the administrator.

Upon the death of the mother, the real estate descended to her heirs by operation of law, and they became the owners of the same in fee simple, entitled to the possession thereof, the same as though they had purchased it from a stranger, subject, however, to the right of the administrator and creditors of the estate of decedent to have the same sold for the payment of the debts and claims against decedent's estate, as provided by Section 10774 *et seq.*, General Code. (See *Overturf, Admr.,* v. *Dugan,* 29 Ohio St., 230.)

The title of said Lillian Laughlin to her share of said real estate having vested in her immediately upon the death of her mother, the same became subject to levy and sale, the same as other real estate she may have acquired, but subject to the rights of the administrator to sell the same as

provided by law. (*Lessee of Douglass* v. *Massie,* 16 Ohio, 271.)

It being thus established that in law Lillian Laughlin had title to her share of such real estate, which she might sell immediately upon the death of her mother, or which might be levied upon and sold, was it necessary to make the plaintiff, who had a valid levy upon the interest of such defendant, prior to the filing of the administrator's petition, a defendant to such proceedings in order to free said interest from said lien?

The suit to sell the real estate filed in the Probate Court was a civil action, and the proceedings in the action should be the same as in other civil actions, except as otherwise provided by law. (Sections 10781 and 11212; *Doan* v. *Biteley,* 49 Ohio St., 588.)

Section 10780, General Code, provides who are necessary parties in an action in either the Probate Court or Court of Common Pleas, brought by an administrator to sell real estate to pay debts. It reads as follows:

"In such action the widow of the deceased, the heirs, devisees, or persons having the next estate of inheritance from him, and all mortgagees and other lien holders, whether by judgment or otherwise, of any of the lands sought to be sold, and all trustees holding the legal title thereto or to any part thereof, and, if a fraudulent conveyance is sought to be set aside, all persons holding or claiming thereunder, must be made parties."

The law passed by the General Assembly of Ohio in 1840, as found in 38 Ohio Laws, at page 167, Section 124, made provision as to those who should be made parties defendant to a petition filed by

the administrator or executor for the sale of the real estate of a decedent, to pay his debts. That section reads:

"Sec. 124. The widow, if any, and the heirs, or persons having the next estate of inheritance from the deceased, if known to the executor or administrator, shall be made parties defendants to such petition."

This law, it will be observed, did not require mortgagees or other lienholders to be made parties to the petition for the sale of the land of the decedent to pay his debts, and it was frequently held that the purchasers at such sales, if the proceedings were regular and according to law, would take title to the real estate sold, discharged of all mortgages and other liens, although such mortgagees or lien claimants had not been made parties to the proceedings, upon the theory that the liens were transferred to the fund arising from such sale. (*Holloway* v. *Stuart, Admx.*, 19 Ohio St., 472, 474.)

In 1858 the General Assembly passed a supplementary act (55 Ohio Laws, 157), amending the law of 1840 in the following manner:

"Section 1. *Be it enacted by the General Assembly of the State of Ohio,* That when any executor or administrator shall file a petition in the probate court, or the court of common pleas, in any county in this state, for authority to sell the real estate of the deceased, it shall be the duty of such executor or administrator, in addition to the persons named in section one hundred and twenty-four of the act to which this is supplementary, to make all mortgagees of and other lien holders, whether by judgment or otherwise, on said real estate, and

all trustees holding the legal title thereto, parties defendant to such petition in the same manner as is now provided by law for making parties defendant thereto.''

The foregoing law remained in full force until the codification of 1880, when, with slight modifications, it became Section 6142 of the Revised Statutes, and is now Section 10780 of the General Code.

When said amendment was made in 1858, making mortgagees and other lienholders necessary parties, it is significant that in the act it was provided as follows:

''Sec. 2. The probate court and court of common pleas in which such petition may be filed, shall have full power to determine the equities between the parties and the priorities of lien of the several lienholders on said real estate, and to order a distribution of the money arising from the sale of such real estate, according to the respective equities and priorities of lien as found by the court.''

The fact, that such authority was conferred as a part of the amendment of 1858, indicates quite clearly an intention on the part of the Legislature to make the proceeding in the Probate Court to sell real estate for the payment of debts a proceeding like unto an action to marshal liens, as, in addition to heirs and next of kin, ''lienholders, whether by judgment or otherwise,'' were made necessary parties, and the court was given power to sell said real estate free from all such claims and to determine the priorities and rights of the parties on distribution of the fund, thus indicating an intention to settle the rights of the heirs and those claiming an interest derived from such heirs.

Again, at the time this section was originally enacted Section 150 of the Probate Code of 1840 (38 Ohio Laws, page 170) was in full force, and read as follows:

"Sec. 150. The money arising from the sale of real estate, shall be applied in the following order:

"First. To discharge the costs and expenses of the sale, and the per cent. and charges of the executor or administrator thereon, for his administration of the same:

"Secondly. To the payment of mortgages, and judgments against the deceased, according to their respective priorities of lien, so far as the same operated as a lien on the estate of the deceased, at the time of his death; which shall be apportioned and determined by the court, on reference to a master or otherwise:

"Thirdly. To the discharge of claims and debts, in the order mentioned in the eighty-third section of this act."

This section (150) became Section 6165, Revised Statutes, and is now Section 10809, General Code.

If the contention of the defendants is true, the enactment of Section 2 of the act of 1858, *supra,* was wholly unnecessary, as the payment of mortgages and judgments against the decedent and their priorities was fully covered by Section 150 of the Probate Practice Act, *supra,* then in force.

The fact that the lawmaking body enacted Section 2 of the act of 1858 is evidence that it recognized that by the enactment of Section 1 of that law it embraced all liens and mortgages upon the property, whether claims against the decedent or against his heirs at law, and that under such cir-

cumstances Section 150, *supra,* was not broad enough to work out the equities of the parties.

Further, if the contention of the defendants is true, and Section 10780, *supra,* should be given a strict construction, then if one of the heirs of the deceased had died the heirs or devisees of such deceased heir would not be necessary parties to the sale of the real estate, and the purchaser thereof would take the same divested of any interest that said heir may have had in the property, and he would have to look to the fund realized from the sale thereof; and the same rule would apply if one of the heirs of the decedent had sold or otherwise disposed of his interest in the property, and, likewise, if the decedent in this case had acquired the property subject to liens or mortgages it would not have been necessary to make the holders thereof parties to the suit.

When the law of 1840 was amended by the supplementary act of 1858, and the Legislature did not change the law as it then stood, requiring those who acquired their interest in the real estate sought to be sold from the deceased to be made parties defendant, but by such amendment added others to be made defendants, and stated that these should be all mortgagees and lienholders "on said real estate" sought to be sold, it becomes apparent that in the one class it was intended to require all who obtained an interest from the decedent at the time of his death to be defendants, and in the other class to require to be made defendants any who might have a mortgage or other lien upon the land sought to be sold, whether such mortgages or liens were claims against the decedent which arose during his life, or out of claims against the heir, if

the mortgages or liens attached to the interest of the heir before the petition for sale was filed by the administrator.

We are, therefore, of the opinion that under the wording of Section 10780, General Code, and its history, as hereinbefore set forth, the Legislature intended that the mortgagees and lienholders of an heir at law should be made parties defendant in a proceeding brought by an administrator to sell the real estate of a decedent to pay his debts. We are further of the opinion that the Legislature did not intend that a strict construction should be given to the law applicable to the settlement of decedents' estate.

The General Code of Ohio is divided into four parts: political, civil, remedial and penal. Part 3, or the remedial, is divided into nine titles. Each one of these several titles is divided into chapters, embracing certain sections of the Code.

Among the ones included in part 3 is title 3: "Procedure in Probate Court." In chapter 1, or the preliminary chapter of title 1, part 3, is contained the general provisions which apply to all the sections of the Code included in part 3, and among these general provisions of said chapter 1 we find Section 10214, General Code, which reads as follows:

"The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice * * *."

It is thus apparent in construing Section 10780 that it must receive a liberal construction, and if it receives a liberal construction, as it ought, then all parties who may have a lien upon all or any

part of the real estate sought to be sold are necessary parties to the action, whether the liens existed upon the real estate at the time of the death of said decedent or are acquired upon the share of an heir at law therein after the death of the ancestor and before the petition for sale is filed by said administrator. The section received such liberal construction in the case of *Arnold* v. *Donaldson,* 46 Ohio St., 73, in which a vested dower estate of a former wife of the decedent was protected and the rule of *caveat emptor* was applied, although the dower estate was not a mortgage or lien in a technical sense.

It follows that the plaintiff not having been made a party to the petition of the administrator his rights as a lienholder were unaffected by the order of sale, and the proceedings had thereunder. The defendants purchased the premises with constructive notice of the plaintiff's lien, and the maxim *caveat emptor* applies to the case.

If the parties to this proceeding are unable to make an accounting among themselves, we will have a further hearing and determine the amount that the plaintiff ought to recover under his lien.

*Decree accordingly.*

WASHBURN, J., and FUNK, J., concur.