Thomas N. Mangan, Sr., ("Mangan") died in a car accident on October 20, 1997. His first wife, Sally E. Mangan, with whom he had three sons — Thomas N. Mangan, Jr., William M. Mangan, and John E. Mangan — had died of cancer on November 5, 1995. At the time of his death, Mangan was 70 years old and had been married to his second wife, forty-four-year-old Rosa E. Mangan ("Rosa"), for about six weeks. Mangan died intestate, and Rosa was appointed the administratrix of the estate in the probate case numbered 975020.[1]
In the course of administering the decedent's estate, it was determined by Rosa, as administratrix, that the Mangan residence should be sold to pay the debts of the estate. The decedent's sons disagreed with Rosa's decision to sell the Mangan residence and offered to buy the real property from the estate. The decedent's sons refused to sign the consent for sale of the residence, and an action was brought by Rosa, as administratrix, for the sale of the decedent's real property under probate case number 982586. Service of the complaint was made upon the decedent's sons and other interested parties; however, none of the decedent's sons answered the complaint. In a scheduling order dated September 3, 1998, it was noted by the probate court that the Mangan residence needed to be sold to satisfy the debts of the estate, that one of the decedent's sons wanted to buy the property for less than the appraised value, and that the administratrix had been unable to obtain consent for the sale from the decedent's heirs. Thus, the court, in a September 21, 1998, entry, found that the sale of the real property was necessary and appointed an appraiser to conduct a new appraisal prior to the order for sale.
The Mangan residence was subsequently appraised at $85,000. The administratrix filed an application for private sale of the property, which was granted on November 13, 1998. The Mangan residence was sold, and a motion for an order confirming the sale was filed. The probate court put an entry on its journal confirming the sale and ordering the issuance of a deed on December 9, 1998. John Mangan filed an appeal from this entry on December 14, 1998, under the number C-980979.
The administration of the estate, however, was not complete, and a hearing before the probate judge was held on December 29, 1998, to determine a number of objections to the inventory and appraisal of the estate. Since the parties had reached an agreement regarding all but one of the objections, there remained in dispute only the distribution of the decedent's Civil Service Retirement Fund/Thrift Savings Plan. The probate court determined that the fund corpus was not part of the estate and that the distribution of the decedent's retirement fund is controlled by federal statutes, and it overruled all of the objections. John Mangan appealed from this entry on February 2, 1999, under the number C-990094. We have consolidated the two appeals for resolution in this decision.
John Mangan raises the following assignments of error in the appeal numbered C-980979:
 The probate court erred in finding sale of my father's house/land necessary in private sale; that defendants were in default for answer or other pleading; that a new appraisement was necessary; and that possibly my father's real estate was needed to be sold to pay debts.
 The probate court erred in approving appraisement and finding appraisers report is in all respects regular and correct.
 The probate court erred in approving an order of private sale of my father's house/land; and that it would be in the best interests of said estate and all parties concerned to sell my father's real estate at private sale; and ordered that fiduciary should sell my father's real estate at private sale for not less than the appraised value of $85,000.
 The probate court erred in giving order for private sale of my father's real estate for not less than appraised value thereof in accordance with the laws regulating the sale of real estate by fiduciaries.
 The probate court erred in confirming sale of my father's real estate to Fred Booth for $85,000.
The foregoing assignments of error all pertain to the final orders to sell the decedent's real property, claiming that the probate court erred in ordering the sale, ordering a new appraisal, and confirming the sale without giving the decedent's sons an opportunity to purchase the real property. We review these assignments of error to determine whether the probate court's orders were contrary to law.
The administrator determines whether the decedent's real property must be sold to satisfy debts of the estate. See R.C.2127.02; R.C. 2127.07; Denlinger v. Ryan (Oct. 31, 1997), Clark App. No. 96CA87, unreported. When the administrator cannot obtain consent from all of the heirs to sell the decedent's real property in order to satisfy debts of the estate, the administrator may institute an action in probate court to sell the real property. See R.C. 2127.02; In the Matter of the Estate of Marquis (Nov. 6, 1998), Lucas App. No. L-97-1453, unreported. An action to obtain the authority to sell the real property is commenced by filing a complaint in probate court. See R.C. 2127.10; Denlinger, supra. The complaint and summons are then served on all heirs and interested parties, such as lien holders. See R.C. 2127.12; R.C.2127.14; R.C. 2127.15; see, also, Keenan v. Wilson (1925), 19 Ohio App. 499, 3 Ohio Law Abs. 445. A party who is made a defendant in the action may object to the sale of the decedent's real property by filing an answer. See R.C. 2127.17; Civ.R. 73(A); Civ.R. 7. Alternatively, with or without answering the complaint, any interested party may post a bond to prevent the sale of the decedent's real property, so long as the bond is posted prior to the order for sale being placed upon the court's journal. See R.C. 2127.31; see, also, Stout v. Stout (1910), 82 Ohio St. 358,92 N.E. 465.
It is left to the judgment of the probate court to determine whether the sale of the property is in the best interests of all parties concerned. See R.C. 2127.29. Once the probate court makes this determination, the probate court may accept as the market value for the real property the appraised value made at the time of the inventory of the estate, or the court may order a new appraisal. See R.C. 2127.22. The court may order either a public or a private sale of the real property. See R.C. 2127.32.
In this case, the probate court followed all of the appropriate procedures in ordering the sale of the decedent's real property. The record reflects that none of the decedent's sons filed an answer to the complaint for sale of the real property, nor did they post a bond to prevent the sale. John Mangan has failed to demonstrate how the probate court erred in following properly the statutes pertaining to the sale of his deceased father's real property. We hold that the probate court's entries and orders pertaining to the sale of the decedent's real property were not contrary to law. Therefore, we overrule the five assignments of error in the appeal numbered C-980979.
Turning now to the appeal numbered C-990094, we have not been presented with any assignments of error to review. Pursuant to App. R. 12(A)(2), we may simply affirm the judgment without comment; however, we have conducted an independent review of the record for plain error in the court below. Our review has failed to reveal any basis for reversal of the probate court's ruling on the objections to the inventory and appraisal. Therefore, we affirm the decision of the probate court that the decedent's Civil Service Retirement Fund/Thrift Savings Plan is a nonprobate asset, the distribution of which is controlled by federal statutes.
Judgments affirmed.
 Doan, P.J., and Sundermann, J., concur.
[1] We have sua sponte removed this case from the accelerated calendar.